| Case No. | **CV 19-1578-DMG (MRWx)** | Date | March 13, 2019 |
|---|---|---|---|
| Title | ***Lena Blixt-Schmid v. Larry Schmid*** | Page | 1 of 2 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On August 25, 2015, Petitioner Lena Blixt-Schmid filed an Application for Entry of Judgment on a Foreign Domestic Relations Order against *pro se* Respondent Larry Schmid in Los Angeles County Superior Court. Removal Notice, Ex. 3 at 122–23 [Doc. # 1].[1] It appears that on December 9, 2015, the state court granted Petitioner's Application and entered a Judgment in her favor. *See* State Court Docket, *Lena Blixt Schmid v. Larry Steven Schmid*, No. BD626190 (L.A. Cty. Super. Court Mar. 13, 2019), *available at* https://www.lacourt.org/casesummary (last visited Mar. 13, 2019).[2] On December 3, 2018, Respondent filed a Motion to Vacate the Judgment. Removal Notice, Ex. 15 at 12–23 [Doc. # 1]. On February 20, 2019, the state court denied Respondent's Motion. Removal Notice, Ex. 18 at 129–33 [Doc. # 1-1]. On March 4, 2019, Respondent removed the action, invoking this Court's federal question jurisdiction under 28 U.S.C. section 1331. Removal Notice at 1–3 [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Furthermore, pursuant to 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Additionally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] Although this Judgment is not in the record, the state court's docket appears to indicate that it was entered on December 9, 2015. The Court *sua sponte* takes judicial notice of the state court's docket. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1003 n.2 (N.D. Cal. 2016) (courts may judicially notice state court filings).

UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1578-DMG (MRWx)** | Date | March 13, 2019 |
|---|---|---|---|
| Title | *Lena Blixt-Schmid v. Larry Schmid* | | Page 2 of 2 |

28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Respondent asserts that this Court has federal question jurisdiction because Petitioner intends to obtain a Qualified Domestic Relations Order ("QDRO"), as defined by the Employee Retirement Insurance Security Act of 1974 ("ERISA"). *See* Removal Notice at 2 [Doc. # 1]. Federal question jurisdiction typically arises only if the underlying "cause of action is *created by* federal law[,]" *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (emphasis added), and "[t]he Supreme Court has clearly held that the domestic relations of a husband and wife are governed by state, not federal law[,]" *see Green v. Green*, 899 F. Supp. 2d 291, 299 (D.N.J. 2012) (citing *Boggs v. Boggs*, 520 U.S. 833, 847–48 (1997)). Admittedly, federal question jurisdiction may be predicated on such a state-law claim if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable*, 545 U.S. at 314. Yet, Respondent makes no attempt to demonstrate that this exception applies. Further, he may not instead invoke this Court's jurisdiction under 28 U.S.C. section 1332(a).[3] *See Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 946–47 (9th Cir. 2008) ("[W]hen the relief sought relates primarily to domestic relations, a doctrine referred to as the domestic relations exception divests federal courts of [diversity] jurisdiction.").

Furthermore, Respondent's removal is untimely. At least as early as March 14, 2018, Petitioner has taken the position that the state court should issue a QDRO. *See* Removal Notice, Ex. 12 at 10 (Pet'r's Mar. 14, 2018 Resp. to Resp't's Mot. to Dismiss) ("A QDRO is necessary to assign Petitioner a portion of Respondent's retirement benefits.") [Doc. # 1-1]. Thus, Respondent could have removed the instant action no later than April 13, 2018. *See* 28 U.S.C. § 1446(b).

Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[3] Respondent also apparently argues that the state court lacks the authority to join his ERISA plans to that action or to recognize the underlying foreign domestic relations order. *See* Removal Notice at 2–3 [Doc. # 1]. These assertions have no bearing on whether this Court has subject matter jurisdiction over the action.